## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**JANELLE BRANOWER**
20231 Hidden Creek Court
Ashburn, Virginia 20147

    **Plaintiff,**

v.

**SANJAY PRASAD, M.D., P.A.**
9308 Belle Terre Way
Potomac, Maryland 20854
Montgomery County

Serve:
    Sanjay Prasad
    9308 Belle Terre Way
    Potomac, Maryland 20854

and

**SANJAY PRASAD, M.D.**
9308 Belle Terre Way
Potomac, Maryland 20854
Montgomery County

    **Defendants.**

Civ. No.: _____

## **COMPLAINT**

**COMES NOW** the Plaintiff, Janelle Branower, by and through her attorneys, Edward L. Norwind, J. Philip Kessel, and Murray D. Scheel, of the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and states the following as her cause of action against the Defendants Sanjay Prasad, M.D., P.A., and Sanjay Prasad, M.D.

## JURISDICTION AND PARTIES

1.   This is a medical malpractice cause of action in which the negligent medical care and treatment in question was rendered entirely in Maryland.

2.   Pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 3-2A-04, the Plaintiff filed an initial Claim with the Health Care Alternative Dispute Resolution Office of Maryland on September 23, 2010, along with a Certificate of Merit of a Qualified Expert and that Expert's Report.  Pursuant to Courts and Judicial Proceedings § 3-2A-06B, the Plaintiff then timely filed a unilateral Election for Waiver of Arbitration on March 10, 2011, and served it on the parties in this action.  The Health Care Alternative Dispute Resolution Office issued an Order of Transfer to the United States District Court for the District of Maryland, Southern Division, on March 15, 2011, and, within 60 days after the filing of the Plaintiff's Election for Waiver of Arbitration, the Plaintiff filed this instant Complaint with this Honorable Court, pursuant to Courts and Judicial Proceedings § 3-2A-06B(f)(1).  Therefore, the Plaintiff has satisfied the administrative prerequisites for the timely filing of this action.  A copy of the Plaintiff's Election for Waiver of Arbitration and Order of Transfer are attached as Exhibits One and Two.

3.   At all relevant times, the Plaintiff Janelle Branower ("Ms. Branower") has been a resident of Ashburn, Virginia.

4.   Upon information and belief, the Defendant Sanjay Prasad, M.D. ("Dr. Prasad"), has at all material times been a licensed Maryland physician with a specialty in otolaryngology, providing services on an ongoing basis as an otolaryngologist in Montgomery County, Maryland.

5. Upon information and belief, the Defendant Sanjay Prasad, M.D., is now, and at all relevant times has been, a resident of Potomac, Maryland, in Montgomery County.

6. Upon information and belief, the Defendant Sanjay Prasad, M.D., P.A., has at all material times been a professional business entity organized and existing under the laws of Maryland, with its principal place of business in Potomac, Maryland, in Montgomery County.

7. Upon information and belief, Sanjay Prasad, M.D., was at all relevant times an employee or agent of Sanjay Prasad, M.D., P.A., acting within the scope of his employment or agency.

8. Upon information and belief, Sanjay Prasad, M.D., P.A., rendered to the Plaintiff the medical care and treatment in question in Montgomery County, Maryland, through its employee or agent Sanjay Prasad, M.D.

9. The amount in controversy, exclusive of interest and costs, exceeds the minimum amount necessary for Subject Matter Jurisdiction based on diversity, as specified by 28 U.S.C. § 1322(a)(1).

10. This Honorable Court therefore has Subject Matter Jurisdiction of this action based on the diversity of the parties, pursuant to 28 U.S.C. § 1322(a)(1), -(c)(1).

11. This Court also has Personal Jurisdiction of the Defendants because they are residents of Montgomery County, Maryland, they conduct the practice and business of medicine in Montgomery County, Maryland, and because the alleged acts of negligence complained of occurred in Montgomery County, Maryland, in the course of the Defendants' regular business there as health care providers.

12. Venue is also therefore proper in the Southern Division of the United States District Court for the District of Maryland, at Greenbelt, pursuant to 28 U.S.C §§ 100(2); 1391(a)(1)-(2).

## COUNT I

### (Medical Negligence)

13. The aforesaid Defendants held themselves out to the public at large as possessing that degree of skill, knowledge, and ability ordinarily possessed by health care providers acting under the same or similar circumstances, and, in their care and treatment of the Plaintiff Janelle Branower in 2009, these Defendants owed a duty to her to exercise the degree of care, skill, and judgment ordinarily exercised by health care providers in like or similar circumstances.

14. When she was eight years old, Ms. Branower sustained a perforation of the right tympanic membranes (eardrum) in an incident in which a fire cracker exploded near her right ear, and underwent surgical repair of her right ear drum in 1971 and 1981.

15. Dr. Prasad and his practice treated the Plaintiff Janelle Branower from 2005 to 2009. Only the treatment in 2009 is complained of herein.

16. In May 2005, when the course of events in question began, Ms. Branower was 42 years old.

17. In May 2005, Ms. Branower presented to Dr. Prasad with complaints of right hearing loss and fullness in the right ear.

18. An audiogram performed on May 17, 2005, revealed a mild conductive hearing loss in the right ear. Hearing in the left ear was normal.

19. Dr. Prasad recommended surgical treatment.

20. On October 6, 2005, Dr. Prasad performed what he described as "right tympanomastoidectomy with repair of anterior tympanic membrane perforation with cholesteatoma, attic fixation noted."

21. Despite this surgery, Ms. Branower's symptoms persisted.

22. Dr. Prasad recommended further surgery on the right ear.

23. On February 2, 2006, Dr. Prasad performed what he described as "right tympanomastoidectomy with excision of granulation tissue involving the mastoid and middle fossa dura, ossicular chain reconstruction using a 2.1 mm prosthesis."

24. These surgeries did not result in hearing improvement and Ms. Branower continued with mild to moderate right conductive hearing impairment.

25. In February 2009, Dr. Prasad recommended a third surgical procedure described as "exploratory tympanotomy with ossicular chain reconstruction, partial stapedectomy and insertion of a malleus to footplate prosthesis."

26. On February 27, 2009, Dr. Prasad performed what he described in his operative report as "right exploratory tympanotomy, tympanoplasty, use of Argon laser, intraoperative facial nerve monitoring, use of operating microscope, ossicular chain reconstruction, partial stapedectomy."

27. During this procedure, Dr. Prasad removed the prosthesis implanted during the second surgery of February 2, 2006, and replaced it with "a trimmed 5.3 mm incus stapes prosthesis inserted between the malleus handle and stapes footplate."

28. Ms. Branower's hearing worsened following the procedure of February 27, 2009. Audiometry on March 17, 2009, "revealed a large conductive hearing impairment in the right ear."

29. On April 21, 2009, Ms. Branower returned to Dr. Prasad with a complaint of "having difficulty hearing in her right ear."

30. Dr. Prasad recommended a fourth surgery.

31. On May 21, 2009, Dr. Prasad performed what he described in the operative report as: "right exploratory tympanotomy, tympanoplasty, ossicular chain reconstruction, partial stapedectomy," but which he later described in his clinical note of May 26, 2009, as "right tympanomastoidectomy with partial stapedectomy and ossicular chain reconstruction malleus to oval-window."

32. Post-operatively, Ms. Branower complained of worsening hearing and new onset of loud tinnitus (ringing) in her right ear.

33. On June 23, 2009, audiometry revealed mixed hearing loss in the right ear including moderate conductive hearing loss and sensorineural hearing loss. On July 21, 2009, Dr. Prasad noted: "[s]he continues to [have] high-pitched tinnitus in the right ear with no change in hearing."

34. On August 7, 2009, Dr. Prasad recommended a fifth reconstructive surgery on Ms. Branower's middle ear, as follows: "Because of her continuing tinnitus and degree of conductive hearing impairment, I recommended a right tympanomastoidectomy with grafting of the oval window and ossicular chain reconstruction from the tympanic membrane to the oval-window."

35. Ms. Branower declined this surgery.

36. Defendant Sanjay Prasad, M.D., and Defendant Sanjay Prasad, M.D., P.A., acting through Dr. Prasad, were negligent in the following ways:

    a. Dr. Prasad performed the surgery of February 27, 2009, despite that such surgery was not indicated, given the prior treatment history and condition of her right ear;

    b. Dr. Prasad performed the surgery of May 21, 2009, despite that such surgery was not indicated, given the prior treatment history and condition of her right ear;

    c. Dr. Prasad persisted with surgical treatment on February 27, 2009, and May 21, 2009, in the face of clinical and audiology evidence that prior surgeries were not successful in treating Ms. Branower's hearing impairment;

    d. Dr. Prasad performed the surgeries of February 27, 2009, and May 21, 2009, in a manner that resulted in severe and permanent iatrogenic injury and damage to Ms. Branower's middle ear and inner ear, including severe hearing loss and tinnitus.

37. The negligence of Defendant Sanjay Prasad, M.D., and Defendant Sanjay Prasad, M.D., P.A., acting through Dr. Prasad, caused the Plaintiff Janelle Branower to undergo the surgeries of February 27, 2009, and May 21, 2009 unnecessarily, and as a result of those surgeries, caused Ms. Branower's right middle ear condition to progress from initially mild conductive hearing loss at the beginning of Dr. Prasad's treatment to persistent

high frequency mixed hearing loss with a sensorineural component in high frequencies and extremely loud tinnitus by the conclusion of Dr. Prasad's treatment.

38. Until the onset of the right ear hearing loss and tinnitus complained of, Ms. Branower worked as an air traffic control specialist. As a result of the injuries caused by these Defendants, Ms. Branower has sustained a loss of earnings and a loss of future earning capacity, because she can no longer work as an air traffic controller as a result of the tinnitus and hearing loss in her right ear.

39. As a further result of the injuries caused by these Defendants, Ms. Branower has also sustained, and will sustain, past and future medical expenses for treatment of her right ear condition.

40. Also as a result of the injuries caused by these Defendants, Ms. Branower has sustained, and will sustain, past and future suffering and mental anguish as a result of the severe hearing loss and tinnitus in her right ear.

41. The Plaintiff Janelle Branower neither caused nor contributed to the injuries and damages in question by any negligent act or failure to act.

42. The Plaintiff Janelle Branower did not assume the risk of the injuries and damages in question.

**WHEREFORE,** the Plaintiff Janelle Branower demands judgment, jointly and severally, against the Defendants Sanjay Prasad, M.D., P.A., and Sanjay Prasad, M.D., for compensatory damages in excess of the required jurisdictional amount, plus interest and costs, and any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

_____
Edward L. Norwind, Esquire, Bar No. 08858
lnorwind@karpfrosh.com
J. Philip Kessel, Esquire, Bar No. 02008
pkessel@karpfrosh.com
Murray D. Scheel, Esquire, Bar No. 28070
mscheel@karpfrosh.com
2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 – phone
301-948-5449 – fax
*Counsel for the Plaintiff*

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of civil Procedure 38(a), -(b)(1), the Plaintiff demands a trial by jury on all issues so triable in this action.

_____
Murray D. Scheel